# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. VICTORY,<br><br>    Plaintiff,<br><br>  v.<br><br>SCHWARZENEGGER, et.al.,<br><br>    Defendants. | CV F- 05-01578 OWW DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's complaint transferred to this court on November 18, 2005 from the Northern District of California. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names Arnold Schwarzenegger, Governor of California; Jeanne Woodford, Director of CDC; James Yates, Warden of Pleasant Valley State Prison ("PVSP"); Dr. Barber; Dr. Smith; Dr. Kushner; Dr. Bresler; Dr. Salazar; Dr. Sacks; Dr. Neubarth, Dr. Ortiz; M. Hodges-Wilkins, Appeals Examiner; and N. Grannis, Chief of Inmate Appeals as defendants in this action. Plaintiff contends that his rights under the Eighth and Fourteenth Amendments have been violated by defendants' policies of inadequate medical care and deficient physician quality at PVSP. Plaintiff states that he has chronic and debilitating osteoarthritis and degenerative disk disease at the L3-L4 and L4-L5 regions. Plaintiff states that defendants have prevented him from seeing a pain management specialist as requested by his Orthopedic Specialist Dr. Tanji. Plaintiff alleges that he experiences pain at a level 10 at random periods during the day and night while attempting to perform normal activities. Plaintiff alleges that Dr. Kushner has altered plaintiff's pain medication to a lower level despite his previous doctor's orders.

Plaintiff also alleges that defendants have denied renewal of his chrono for an eggcrate/double mattress. Plaintiff contends that defendants also force him to re-argue his long history of chronic medical conditions each and every time his previously approved medical chronos (i.e. low bunk chrono, eggcrate mattress chrono, light duty chrono), come up for renewal.

Plaintiff further alleges that defendants have failed to arrange for him to have a cyst on his right shoulder examined as requested by Dr. Tanji. Plaintiff states the cyst causes great pain and discomfort.

Plaintiff states that he has sought relief through inmate appeals to no avail.

Plaintiff alleges that defendants Schwarzenegger, Woodford, Grannis and Hodges-Wilkins are responsible for overseeing and supervising the conditions within the State's Prison Medical Facilities. Plaintiff alleges that these defendants have allowed or participated in a pattern of inadequate and deficient physician quality and supervision in violation of his constitutional rights.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual

punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle v. Gamble, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,

1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Although neither a physician's negligence nor a prisoner's disagreement with a particular course of treatment states a claim for deliberate indifference, a prison medical staff's acts or omissions will constitute deliberate indifference if staff members knew of and disregarded an excessive risk to an inmate's health. Farmer v. Brennan, 511 U.S. at 837. Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." Estelle v. Gamble, 429 U.S. at 104-05. The Ninth Circuit has found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per curiam)(reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior physician was severely delayed, court was unable hold doctors liable because prison administrators, not the doctors, were responsible for scheduling treatment).

Plaintiff's allegations regarding his medial treatment do not state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. While plaintiff has made broad and conclusory allegations about his medical care, he has not described specific conduct on the part of the named defendants that rises to the level of deliberate indifference. Based on plaintiff's allegations, it appears that he has received medical care for his chronic conditions, but he hasn't received the level of care that he desires. Plaintiff's dissatisfaction with the quality of his medical care

does not raise constitutional concerns. Nor does mere delay, without further injury, state a cognizable claim for relief. Plaintiff does not have a constitutional right to the best treatment available or to dictate the level of his care. These allegations do not state a claim for deliberate indifference. The Court will grant plaintiff the opportunity to file an amended complaint, to more specifically describe each defendants' conduct, keeping the above standards in mind. However, plaintiff should only do so if the alleged conduct rises to the level of deliberate indifference as described in this order.

Plaintiff should also keep in mind that supervisory personnel, such as Governor Schwarnegger, Director Woodford, and Warden Yates are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Further, the handling of plaintiff's appeals does not create a basis upon which to impose liability upon defendants Grannis or Hodges-Wilkins for the alleged violation of plaintiff's constitutional rights. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th

Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

In summary, the Court finds it necessary to dismiss the complaint in its entirety. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's complaint is dismissed;

    2. The Clerk's Office shall send plaintiff a complaint form; and

    3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with

this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

Dated: September 12, 2006            **/s/ Dennis L. Beck**
3b142a                                                     UNITED STATES MAGISTRATE JUDGE