UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VICTORY,<br><br>        Plaintiff,<br><br>   v.<br><br>BARBER, et. al.,<br><br>        Defendants. | CASE NO.: 1: 05-cv-1578 LJO DLB P<br><br>ORDER DENYING REQUEST FOR ADVISORY OPINION / COURT ORDER<br><br>(Doc. 19) |

Plaintiff Michael Victory ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with an amended complaint. On April 18, 2008, Plaintiff filed a motion entitled "MOTION FOR DECLARATORY JUDGMENT AND PROSPECTIVE RELIEF IN REGARDS TO ENFORCING PRODUCTION OF PUBLIC RECORDS IN PAPER FORMAT TO THE REQUESTER SUPPORTED BY POINTS & AUTHORITIES AND DECLARATION OF MICHAEL A. VICTORY & EXHIBITS A-C". (Doc. 19). Plaintiff requests a declaration from the Court setting forth his legal rights to the documents he seeks pursuant to the Freedom of Information Act ("FOIA") and the California Public Records Act, as well as a court order commanding the production of these documents from "respondent(s)".[1]

---

[1] It appears that Plaintiff's request is directed at the Litigation Co-ordinator at Pleasant Valley State Prison, who is not a party to this action.

The purpose of the Declaratory Judgment Act is to "relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never. The Act permits parties so situated to forestall the accrual of potential damages by suing for a declaratory judgment, once the adverse positions have crystallized and the conflict of interests is real and immediate." Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc. 655 F. 2d 938, 943 (9th Cir. 1981), (quoting Japan Gas Lighter Assoc. v. Ronson Corp., 257 F.Supp. 219, 237 (D.N.J.1966) (internal quotations and citations omitted)). Further, "'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted).

Upon review, it does not appear that Plaintiff is seeking declaratory relief but rather an advisory opinion as to his likelihood of success on a FOIA complaint or a request for information pursuant to the California Public Records Act. Plaintiff is advised that the court may not issue an advisory opinion. See Flast v. Cohen, 392 U.S. 83, 96 (1968). Plaintiff's motion must be denied.

To the extent that Plaintiff is seeking documents from defendants, Plaintiff is advised that his discovery request is premature. As was explained in the Court's First Informational Order, "[a]fter an answer is filed, the court will issue an order opening discovery, and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions. No discovery may be conducted without court permission until an answer is filed and the court issues the discovery order." (Doc. 6, ¶8) (emphasis in original). Defendants have not yet filed an answer and the Court has not yet issued an order opening discovery.[2] If and when the Court issues an order opening the discovery phase

---

[2] Defendants have filed motions to dismiss this action, which are pending before the Court. (Docs. 43, 44, 49.).

of this action, Plaintiff may conduct discovery upon defendants.

Accordingly, based on the foregoing, Plaintiff's motion, filed April 18, 2008, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated: **February 23, 2009**          **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE