# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY VICTORY, | CASE NO. 1:05-cv-01578-LJO-DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S ORDER TO VACATE |
| v. | |
| SCHWARZENEGGER, et al., | (Docs. 66, 76 ) |
| Defendants. | |

Plaintiff Michael Anthony Victory ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 28, 2009, Plaintiff filed a motion seeking relief from the Court's order to vacate and clarification of order. (Doc. 66.) Plaintiff refers to the Court's September 4, 2009 order, which vacated the Court's Findings and Recommendations, filed February 26, 2009, and vacated the Court's March 23, 2009 order adopting the Findings and Recommendations. Plaintiff also contests the Findings and Recommendation filed September 16, 2009. Plaintiff filed a similar motion on November 23, 2009, though it is described as a Rule 60(b) motion. (Doc. 76.) Defendants filed an opposition to the second motion on January 8, 2010. (Doc. 79.)

Plaintiff contends that the Court erred in vacating its order and issuing a new Findings and Recommendations. Defendants contend that the Court lacks jurisdiction over a Rule 60(b) motion because there has been no final order in this action and the Rule 60(b) motion raised the same issues that Plaintiff raised on appeal to the United States Court of Appeals for the Ninth Circuit. However, on January 20, 2010, the Ninth Circuit issued an order dismissing Plaintiff's

1

appeal for lack of jurisdiction. Thus, the Court has jurisdiction to consider Plaintiff's Rule 60(b) motion.

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Pursuant to Federal Rule of Civil Procedure 54(b), an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Court revised one of its orders in this action, which did not adjudicate all of plaintiff's claims against all the parties.[1] Plaintiff's arguments are unavailing.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions, filed September 28, 2009 and November 23, 2009, are DENIED.

IT IS SO ORDERED.

**Dated:   January 28, 2010**                     /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's Rule 60(b) motion primarily discussed the merits and applicability of Federal Rule of Civil Procedure 60(a), which the Court had cited. The citation to Rule 60(a) was incorrect. The Court's proper authority for revising its previous orders in this action is Rule 54(b).

2