# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY VICTORY,<br><br>Plaintiff,<br><br>v.<br><br>SCHWARZENEGGER, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:05-cv-01578-LJO-DLB (PC)<br><br>ORDER GRANTING PLAINTIFF'S RECONSIDERATION MOTION IN PART<br><br>(Doc. 88)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 72)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Michael Anthony Victory ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2010, Plaintiff filed a motion requesting reconsideration of the Court's January 28, 2010 order adopting the Findings and Recommendations. (Doc. 84.) Plaintiff requests that he be allowed to file objections to the Findings and Recommendations.

Plaintiff contends that on November 17, 2009, he filed a motion for extension of time to file objections to the September 16, 2009 Findings and Recommendations. (Doc. 70.) Plaintiff also requests that the Court appoint counsel. Plaintiff had also previously filed a motion to appoint counsel. (Doc. 72.)

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441

1

(D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Upon consideration of Plaintiff's arguments, the Court will grant Plaintiff the opportunity to file objections to the September 16, 2009 Findings and Recommendations. The Court will vacate its previous order adopting the Findings and Recommendations and issue a new order after Plaintiff files his objections. Plaintiff has been granted a previous extension of time regarding this issue and will not be granted further extensions without good cause.

Plaintiff's request for appointment of counsel is denied. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). Pro se litigants would benefit from the appointment of counsel, but that is not the test. Here, Plaintiff has demonstrated that he is capable of adequately articulating his claims.

///

///

Accordingly, Plaintiff's motion for reconsideration is GRANTED in part. Plaintiff is to file objections to the Court's September 16, 2009 Findings and Recommendations within **thirty (30) days** from the date of service of this order. Plaintiff's request for appointment of counsel is denied.

IT IS SO ORDERED.

**Dated:**    **February 17, 2010**                        /s/ Lawrence J. O'Neill
                                                                      UNITED STATES DISTRICT JUDGE