# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY VICTORY,<br><br>Plaintiff,<br><br>v.<br><br>SCHWARZENEGGER, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:05-cv-01578-LJO-DLB (PC)<br><br>AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 43, 44, 49, 65, 90) |

Plaintiff Michael Anthony Victory ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2009, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within thirty days. After receiving an extension of time, Plaintiff filed his Objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.[1]

---

[1] Plaintiff's citation to Gomez v. Winslow, 177 F. Supp. 2d 977 (N.D. Cal. 2001), is unavailing. In Gomez, the defendants argued that the plaintiff had alleged three different claims regarding his hepatitis treatment, and was required to exhaust administrative remedies as to all three: failure to timely diagnose, failure to timely treat, and failure to inform. Id. at 981-82. The Gomez court rejected defendants' argument. Here, Plaintiff contends that he exhausted administrative remedies as to all his claims (including the denial of chronos, MRI scans, and pain medication), because they generally concerned Plaintiff's fall in September 2003. However, the purpose of a grievance is "to alert the prison to a problem and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). Prison officials would be unable to address grievances regarding pain medication, for example,

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 16, 2009, is adopted in full;
2. Defendant Neubarth's motion to dismiss for failure to state a claim, filed August 22, 2008, is GRANTED in part with regards to injunctive relief and DENIED in party with regards to qualified immunity;
3. Defendants Ortiz, Bresler, Smith, and Barber's motion to dismiss for failure to exhaust administrative remedies, filed August 22, 2008, is GRANTED in part and DENIED in part as stated in the September 16, 2009 Findings and Recommendations; and
4. Defendants Kushner, Salazar, and Sacks's motion to dismiss for failure to exhaust administrative remedies, filed September 18, 2008, is GRANTED in part and DENIED in part as stated in the September 16, 2009 Findings and Recommendations.

IT IS SO ORDERED.

Dated:   March 18, 2010           /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE

---

unless those issues are raised with some specificity. Gomez's grievance concerning inadequate medical care for his hepatitis would logically encompass failure to timely diagnose, failure to treat, and failure to inform, and would put prison officials on notice of his issues with his hepatitis treatment. Here, Plaintiff's issues concerning pain medication occurred after he had filed grievance PVSP-C-04-00122, which only grieved denial of chronos and bone scans at the first level. Those claims are distinct from Plaintiff's pain medication claim and would not alert prison officials. See Gomez, 177 F. Supp. 2d at 982 ("The most relevant purpose of the exhaustion requirement . . . is that exhaustion allows prison officials to receive notice of complaints so that they can take proper action.").

Furthermore, a prisoner must comply with the prison's grievance procedures to properly exhaust. Jones v. Bock, 549 U.S. 199, 218 (2007). Title 15 of the California Code of Regulations requires that a prisoner file a grievance within 15 working days of the event being appealed. Cal. Code Regs., tit. 15 § 3084.6(c). Plaintiff's addition of the pain medication issues during appeals to the second and director's level did not properly exhaust the claim.

Plaintiff also contends that grievance PVSP-05-01182 did not need to be appealed to the Director's level because there was no available administrative remedy. Plaintiff's primary argument here is that prison officials would ignore his claims. Thus, even if Plaintiff was granted a visit with a pain management specialist, there is little evidence that the physicians would follow his recommendations. This argument of futility is unpersuasive as this does not constitute an excuse from the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Because there were possible administrative remedies available, Plaintiff's citation to Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005), is inapplicable. Plaintiff's other arguments are unpersuasive.

2