# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY VICTORY, | CASE NO. 1:05-cv-01578-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| SCHWARZENEGGER, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 1292(b) AND |
| Defendants. | STAY OF PROCEEDINGS |
| | (Doc. 92) |

Plaintiff Michael Anthony Victory ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed October 16, 2006, against Defendants Barber, Smith, Kushner, Bresler, Salazar, Sacks, Neubarth, and Ortiz for violation of the Eighth Amendment. Pending before the Court is Plaintiff's ex parte motion, filed April 19, 2010, seeking 1) the appointment of counsel and 2) a certificate of appealability under 28 U.S.C. § 1292(b) and a stay of proceedings.

## I.      Appointment of Counsel

Plaintiff contends that he is a layman regarding the law, and that the issues raised in this action are legally complex. Counsel would assist Plaintiff during the discovery process, as well as during trial.[1]

---

[1] Plaintiff points to the procedural background of this action as an example of the complexity. Defendants filed a motion to dismiss on August 22, 2008 and September 18, 2008. (Docs. 43, 44, 49.) The Magistrate Judge issued findings and recommendations on February 26, 2009, granting in part and denying in part Defendants' motions. (Doc. 57.) The undersigned adopted these findings on March 23, 2009. (Doc. 60.) The Court had initially found that Plaintiff had exhausted all of his administrative remedies for all his claims. On September 4, 2009, the undersigned vacated the previous order and findings. (Doc. 64.) The Magistrate Judge issued new Findings and Recommendations on September 16, 2009, finding that Plaintiff had failed to exhaust administrative remedies for

1

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). Pro se litigants would benefit from the appointment of counsel, but that is not the test.

The Court does not find the necessary exceptional circumstances exist at this time to appoint counsel for Plaintiff, or that Plaintiff is unable to articulate his claims. Plaintiff cites to several cases in which he contends that counsel was appointed in circumstances less exceptional than his. Many of these cases concern appointment of counsel in habeas actions. As for the civil rights cases in which the district court appointed counsel, those courts found the plaintiff unable to present his claims adequately. Based on the record, Plaintiff demonstrates sufficient writing ability and legal knowledge to adequately articulate his positions and claims in this action. Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

## II. Motion For Certificate of Appealability And Stay Of Proceedings

Plaintiff also requests a certificate of appealability under 28 U.S.C. § 1292(b) and stay of proceedings. Section 1292(b) provides:

---

some of his claims. (Doc. 65.) Plaintiff filed objections on March 15, 2010. (Doc. 90.) The undersigned adopted these new findings on March 18, 2010. (Doc. 91.) This action has a somewhat lengthy procedural history, but the issues and legal claims raised herein have not been so complex that it would merit appointment of counsel.

Plaintiff contends that if he had counsel, Plaintiff would have achieved a more favorable outcome, including filing a more professional and thorough objection to the Findings and recommendations. Plaintiff's argument that counsel would have filed a more professional and thorough objection is unavailing. Plaintiff's objections were quite thorough even without the assistance of counsel. However, Plaintiff's arguments were not persuasive as they were unsupported by controlling federal case law.

2

1    When a district judge, in making in a civil action an order not otherwise
     appealable under this section, shall be of the opinion that such order involves a
2    controlling question of law as to which there is substantial ground for difference
     of opinion and that an immediate appeal from the order may materially advance
3    the ultimate termination of the litigation, he shall so state in writing such order.

4    Certification of an interlocutory appeal requires that "(1) there is a controlling question law, (2)

5    that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may

6    materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*,

7    673 F.2d 1020, 1026 (9th Cir. 1982) (en banc). "Section 1292(b) provides for interlocutory

8    appeals from otherwise not immediately appealable orders, if conditions specified in the section

9    are met, the district court so certifies, and the court of appeals exercises its discretion to take up

10   the request for review." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996).

11           Plaintiff contends that there is a substantial ground for difference of opinion as to the

12   Court's March 18, 2010 order dismissing certain claims for failure to exhaust administrative

13   remedies. Plaintiff contends that the controlling questions of law are 1) he exhausted all his

14   administrative remedies for all his claims in this action; 2) certain claims raised in exhausted

15   grievance No. 04-00122 included claims raised in grievance 05-1182 (which was not exhausted);

16   3) specific claims are part of an on-going chronic medical treatment issue; 4) all or some of the

17   claims fall under the continuing violations doctrine; and 5) appointment of counsel.

18           The Court has already adjudicated the first three arguments in its September 16, 2009

19   Findings and Recommendations and the March 18, 2010 order adopting those findings. An

20   inmate appeal/grievance is insufficient unless "it alerts the prison to the nature of the wrong for

21   which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). The purpose of

22   a prisoner grievance is "to alert the prison to a problem and facilitate its resolution." *Id.*

23   Additionally, pursuant to the Prison Litigation Reform Act, a prisoner must comply with the

24   prison's grievance procedures to properly exhaust. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

25   Plaintiff did not provide adequate notice, pursuant to California prison regulation and federal

26   case law, as to certain claims in his exhausted grievance, and failed to exhaust any other

27   grievances. Accordingly, the unexhausted claims were dismissed. The Court does not find a

28   substantial ground for difference of opinion regarding a controlling question of law

As to argument number four, the continuing violation doctrine concerns extending the time period for accrual of a claim. *See Douglas v. Cal. Dep't Of Youth Auth.*, 271 F.3d 812, 822 (9th Cir. 2001). It does not change unexhausted claims into exhausted claims, and is thus not a controlling question of law here.

As to argument number five, the appointment of counsel, Plaintiff fails to demonstrate that there exists a controlling question of law that raises a substantial ground for difference of opinion. On February 18, 2010, the Court denied Plaintiff appointment of counsel. (Doc. 89.) The Court found that Plaintiff demonstrated he is capable of adequately articulating his claims. The denial of counsel in the Court's February 18, 2010 order does not raise a substantial ground for difference of opinion that merits a certificate of appeal. As previously stated in this order, Plaintiff demonstrates sufficient writing ability and legal knowledge to adequately articulate his positions and claims in this action.

Plaintiff has not demonstrated a substantial ground for difference of opinion for a controlling question of law, and accordingly, the Court denies Plaintiff's motion for a certificate of appealability pursuant to 28 U.S.C. § 1292(b), and denies a stay of the proceedings.

### III.  Conclusion

Based on the foregoing, it is HEREBY ORDERED that

1)  Plaintiff's motion for appointment of counsel is denied without prejudice; and

2)  Plaintiff's motion for certificate of appealability pursuant to 28 U.S.C. § 1292(b) and for a stay of proceedings is denied.

IT IS SO ORDERED.

Dated:    **April 22, 2010**                        /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE