# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY VICTORY, | CASE NO. 1:05-CV-01578-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE MOTION TO COMPEL (DOC. 105) |
| v. | |
| C. BARBER, et al., | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS UNTIMELY (DOC. 103) |
| Defendants. | |

Plaintiff Michael Anthony Victory ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Barber, Bresler, Kushner, Neubarth, Ortiz, Sacks, Salazar, and Smith for violation of the Eighth Amendment. On October 5, 2010, Plaintiff filed his motion to compel. (Pl.'s Mot. Compel, Doc. 103.) On October 12, 2010, Defendants filed their opposition. (Defs.' Opp'n, Doc. 104.) Plaintiff did not file a reply. On October 25, 2010, Plaintiff filed a motion for extension of time to file his motion to compel, pursuant to Federal Rule of Civil Procedure 6(b)(1), contending excusable neglect. (Doc. 105.) The matter is submitted pursuant to Local Rule 230(l).

Defendants contend that Plaintiff's motion is untimely. Defendants first contend that Plaintiff's motion is untimely on its face. (Opp'n 2:3-18.) Plaintiff filed his motion to compel on October 5, 2010. The proof of service submitted with Plaintiff's motion is dated October 1,

1

2010. (Pl.'s Mot. Compel, Proof Of Service.) The discovery cut-off date was September 28, 2010. (Discovery and Scheduling Order, Doc. 82.) Thus, Plaintiff's motion is late.[1]

Defendants also contend that Plaintiff failed to file a separate motion to modify the scheduling order, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. 16(b)(4) ("A schedule may be modified only for good cause"); 6(b)(1)(A) (extension of time may be granted "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"). The Court did not change the deadline, and the Plaintiff made no such request for an extension of time prior to the expiration of the deadline. Thus, there was no proper request to extend the deadline prior to the expiration of the deadline.

Defendants finally contend that a motion after the expiration of the deadline should not be granted because no excusable neglect was demonstrated by Plaintiff. *See* Fed. R. Civ. P. 6(b)(1(B) (allowing extension of time on motion after expiration of deadline if party failed to act by excusable neglect).Defendants point to one sentence by Plaintiff regarding any sort of delay, in which Plaintiff generally contends that "Any perceived lateness in filing this motion to compel discovery is directly due to CSP-Solano's recent lockdowns throughout the month of September 2010." (Pl.'s Mot. Compel 13:4-6.) Defendants contend that this is an excuse, not excusable neglect. (Opp'n 4:3-8.) Defendants contend that Plaintiff received all of Defendants' discovery responses on August 12, 2010. (Opp'n 3:23-4:2.) Thus, Plaintiff had approximately six weeks in which to file a motion to compel, if any, but was still untimely. (*Id.*)

In Plaintiff's motion for extension of time, Plaintiff contends that there is excusable neglect. (Pl.'s Mot., Doc. 105.) Plaintiff contends that he was able to locate an inmate to assist him in this matter on September 1, 2010. (Pl.'s Mot. ¶ 6.) Plaintiff contends that access to the law library at his prison is limited. (Pl.'s Mot. ¶ 7 and Ex. A.) Plaintiff contends that without

---

[1] The mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270 (1988), applies to § 1983 complaints filed by prisoners, *Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2009), trust account statements, *James v. Madison St. Jail*, 122 F.3d 27, 28 (9th Cir. 1997) (per curiam), Rule 50(b) motions, *Faile v. Upjohn Co.*, 988 F.2d 985, 989 (9th Cir. 1993) (discovery responses), and notices of appeal for non-habeas civil cases, *Hostler v. Groves*, 912 F.2d 1158, 1161 (9th Cir. 1990). Defendants, and this Court, assume that pursuant to the prison mailbox rule, Plaintiff filed his motion to compel on the day he submitted it to prison authorities for forwarding to the Clerk. Based on the proof of service submitted with his motion to compel, Plaintiff submitted his motion for mailing on October 1, 2010, which is after the Court's discovery cut-off date of September 28, 2010.

appointment of counsel to help him address the complex matters and time constraints, he was confused as to the applicability of Rule 6(b)(1). (Pl.'s Mot. ¶ 9.) Plaintiff contends that he received his finalized motion to compel on September 25, 2010 and was to make copies in the law library on September 28, 2010, which is the scheduled time for Plaintiff's yard to access the library. (Pl.'s Mot. ¶ 10 and Ex. A.) Plaintiff contends that the prison went on lockdown on September 26, 2010 due to a staff threat. (Pl.'s Mot. ¶ 11.) The lockdown did not lift, and access to the law library was not granted, until September 31, 2010. (*Id.*) Plaintiff was then able to access the law library on Saturday, October 2, 2010, where he made copies of his motion and mailed out the motion. (*Id.*)

The Court notes that there is a discrepancy in Plaintiff's submitted documents. In his motion for extension of time, Plaintiff's proof of service indicated that his motion to compel was mailed pursuant to the prison mailbox rule on October 2, 2010. (Pl.'s Mot. Ex. B, Doc. 105.) However, in his motion to compel, Plaintiff's proof of service indicated that the motion to compel was mailed on October 1, 2010. (Pl.'s Mot. Compel, Doc. 103.) Plaintiff thus has submitted conflicting documentation.

Excusable neglect rests on the relevant circumstances surrounding the party's failure to meet a deadline. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (in context of Federal Rule of Bankruptcy 9006(b)(1)). Factors to consider regarding excusable neglect include, but are not limited to (1) danger of prejudice to opposing party, (2) length of delay and impact on proceedings, (3) the degree of control the moving party had over the delay, and (4) whether the moving party acted in good faith. *Id.*

Here, there is no excusable neglect. As stated previously, Plaintiff had six weeks from the date he received Defendants' discovery responses in which to prepare a motion to compel. Lockdowns, while inconvenient, are not a sufficient cause for excuse. Plaintiff's reliance on other inmates to write his motions is also insufficient. Plaintiff was aware of the court deadline, and aware of his prison's schedule for accessing the law library. Plaintiff was also previously aware that he could file motions for extension of time, and had done so in other instances. There is no reason given as to why Plaintiff did not move for an extension of time on the date that the

lockdown occurred, or before the deadline. As there is no excusable neglect presented, Plaintiff's motion to compel is untimely, and the Court will not consider the merits of Plaintiff's motion.

Based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's motion for extension of time to file his motion to compel, filed October 25, 2010, is DENIED; and

2. Plaintiff's motion to compel, filed October 5, 2010, is DENIED as untimely.

IT IS SO ORDERED.

Dated: **October 28, 2010**                **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE