# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY VICTORY, | CASE NO. 1:05-CV-01578-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER |
| v. | |
| BARBER, et al., | (DOC. 107) |
| Defendants. | |

## Order

Plaintiff Michael Anthony Victory ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Barber, Bresler, Kushner, Neubarth, Ortiz, Sacks, Salazar, and Smith for violation of the Eighth Amendment.

On October 5, 2010, Plaintiff filed his motion to compel. Pl.'s Mot. Compel, Doc. 103. On October 12, 2010, Defendants filed their opposition. Defs.' Opp'n, Doc. 104. Plaintiff did not file a reply. On October 25, 2010, Plaintiff filed a motion for extension of time to file his motion to compel, pursuant to Federal Rule of Civil Procedure 6(b)(1), contending excusable neglect. Doc. 105.

On October 28, 2010, the Magistrate Judge denied Plaintiff's motion to compel as untimely, and denied Plaintiff's motion for extension of time due to excusable neglect. Doc. 106. On November 18, 2010, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order before the undersigned.

Pursuant to Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous

1

or is contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); L. R. 303. The assigned district judge may also reconsider any matter sua sponte. L.R. 303(g).

Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. *Id.*

The Local Rules of this Court require that any reconsideration of a Magistrate Judge's order is to be sought within fourteen (14) days from the date of service of the ruling on the parties. *See* L. R. 303(b). The Magistrate Judge issued his order on October 28, 2010. Plaintiff filed his motion for reconsideration pursuant to the prison mailbox rule on November 16, 2010. Proof of Service, Doc. 107. Plaintiff's motion was thus untimely. Thus, on that basis alone, the Court may deny Plaintiff's motion for reconsideration. The Court additionally finds Plaintiff's arguments for reconsideration unpersuasive.

The Magistrate Judge determined that Plaintiff did not provide sufficient cause for filing his untimely motion to compel, as Plaintiff was aware of the court deadline and aware of his prison's schedule for accessing the law library.[1] Plaintiff contends that he would be deprived of access to the copying machine without access to the law library, which Plaintiff contends would be an actual disadvantage. The Court does not find Plaintiff's argument persuasive, as access to a copying machine, while convenient, is not an absolute necessity for pursuing litigation in court.

Even assuming Plaintiff's above contention is true, Plaintiff does not sufficiently justify why he did not file for an extension of time before the deadline. Plaintiff argues that he did not have access to his jailhouse lawyer, and thus was unable to communicate with him regarding an extension of time. Plaintiff additionally contends that even if his jailhouse lawyer had prepared the motion for extension of time, the motion would not have been copied and mailed until

---

[1] The filing deadline for Plaintiff's motion to compel was September 28, 2010. Plaintiff did not file his motion pursuant to the prison mailbox rule until October 1 or 2.

October 2, 2010.

As stated previously, access to a copying machine is not an absolute necessity to pursue litigation in court. It is also unclear why Plaintiff would have need to consult a jailhouse lawyer prior to filing a motion for extension of time. A motion for extension of time is not difficult to prepare. Plaintiff's reliance upon other inmates to assist him is Plaintiff's choice. However, a jailhouse lawyer is not Plaintiff's attorney. Plaintiff is proceeding pro se, and thus bears the responsibility for filing of all motions and other documents before the Court.

Plaintiff receives more lenient standards regarding certain issues because of his incarcerated, pro se status, such as liberal construction of pleadings, *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam), and the applicability of the prison mailbox rule, *see Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). This is not the situation here. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The deadline for Plaintiff to file his motion to compel was September 28, 2010. Pursuant to the prison mailbox rule, Plaintiff was to deliver the motion to prison officials for mailing on that date. Plaintiff did not. Plaintiff was aware of the deadline, and aware of the prison's schedule for accessing the law library. Thus, when Plaintiff learned that his prison was being placed on lockdown on September 26, Plaintiff had the responsibility to move for an extension of time prior to the discovery deadline if he wished to access the law library for copying his motion to compel  Plaintiff's inability to consult his jailhouse lawyer regarding this is not excusable neglect.

The Court does not find the Magistrate Judge's order to be clearly erroneous or contrary to law. Accordingly, Plaintiff's motion for reconsideration, filed November 18, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:   November 29, 2010**            /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE