IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY VICTORY, | 1:05-CV-01578-LJO-DLB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND STAY OF PROCEEDINGS |
| C. BARBER, et al., | |
| Defendants. | (Document #120) |

On February 4, 2011, plaintiff filed his third motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

-1-

1 In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. The court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. *Id.*

Plaintiff raises arguments previously addressed by this Court in other orders. The Court had reconsidered a previous order and issued a new order which had an adverse affect on Plaintiff's litigation by dismissing some of Plaintiff's claims. Plaintiff contends that he has been prejudiced by this. The Court does not find that appointment of counsel would have affected the new order. The Court has discretion to reconsider its orders before final judgment, as was the case here. These are not exceptional circumstances that merit the appointment of counsel at this time.

Additionally, this action is not so complex as to merit the appointment of counsel. The litigation concerns an alleged Eighth Amendment violation regarding medical care, which is a frequent claim before this Court. Though Plaintiff is proceeding pro se, he has adequately articulated his claims to this point. As the Court will be denying Plaintiff's motion for appointment of counsel, Plaintiff's motion for stay of the proceedings is likewise denied.

For the foregoing reasons, plaintiff's motion for the appointment of counsel and stay of the proceedings is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:    February 7, 2011**                             **/s/ Dennis L. Beck**
                                                                                  UNITED STATES MAGISTRATE JUDGE